

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-4439
Re: Under the facts set forth,
can Nueces County legally col-
lect the fee of $1.00 in each
civil and criminal case and
deposit it to the County Law
Library Fund to be used in the
manner provided for in Arti-
cle 1702d, R. C. S.?

Your letter of March 26, 1942, submitting to this department request for an opinion on the above stated question, is acknowledged. We also acknowledge, with thanks, receipt of the copy of the opinion of the Court of Criminal Appeals in No. 21,912, Ex parte Sam Carson, which was enclosed in your letter. Your letter is set out as follows:

"During the recent session of the Legisla-
ture there was passed an Act providing for the
establishment of law libraries in counties of
80,000 inhabitants nor more than 225,000 inhabi-
tants, which Act we quote herewith:

"'An Act providing that all counties
within this State, having a population of
not less than eighty thousand (80,000) in-
habitants nor more than two hundred and
twenty-five thousand (225,000) inhabitants,
according to the last preceding Federal Census,
and in which there is located no court of
Civil Appeals, may, upon an order being made
by their Commissioner's Courts for this pur-
pose, provide for and maintain a county law

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

library; granting to said Courts all
necessary power and authority to make
this Act effective; providing that said
Act shall be cumulative; and declaring
an emergency. Acts 1941. 47th Leg.,
p. 1315, ch. 589.'

"Since the passage of this Law there has
been a case appealed in Harris County, styled
Ex parte, Sam Carson, Appellant, No. 21,912.
Also the opinion on the appeal of the above
case rendered by Judge Hawkins under date of
March 11, 1942, we enclose herewith copies of
same.

"In view of the foregoing law and opin-
ion, can Nueces County legally collect the
fee of $1.00 in each civil and criminal case
and deposit it to the County Law Library Fund
to be used in the manner provided for in Arti-
cle 1702D the Revised Civil Statutes 1942
Supplement. Inasmuch as we still collect this
amount, we would be pleased to have your ad-
vice regarding same at an early date."

Since you have read and are familiar with the opin-
ion of the Court of Criminal Appeals in the Ex parte Sam Car-
son case, a copy of which you attach to your letter, we think
it will not be necessary to write here extensively in order to
answer your question. We agree generally with the findings of
the court in this case, with the principles therein discussed
by Judge Beauchamp and Judge Hawkins and with the conclusion
stated by the court both in the original opinion and on the
motion for rehearing. We will rely to a very large extent on
this case and the authorities therein cited in giving you this
opinion and in the following discussion in comparing the Harris
County statute with the one applicable to Nueces County. We
will simply refer to portions of this case rather than quoting
at length from the same.

Article 1702d provides in substance that counties
having a population of not less than 80,000 inhabitants or more
than 225,000 inhabitants, and where there is no Court of Civil
Appeals, may after entering an order for that purpose establish

a County Law Library, and shall thereafter tax and collect as other costs the sum of $1.00 in each case, civil or criminal, except delinquent tax cases filed in every county or district court, which extra $1.00 cost is to be kept by the County Treasurer in a separate fund to be known as the County Law Library Fund.

Upon reference to the county population table found in the Texas Almanac, we find that there are eight counties in the State of Texas falling within the population group mentioned in the act, but five of these counties are taken out of the provisions of the act by reason of the fact that they each have a Court of Civil Appeals in such counties. This leaves but three counties, Cameron, Hidalgo and Nueces, falling within the provisions of this act.

In the Sam Carson case, supra, the court found and held that a companion article to the one here under consideration, which was so drawn as to be limited in its application to Dallas County and Harris County, was unconstitutional as being a local or special law passed in contravention of Section 56, Article 3 of the Constitution of Texas. In this connection the court cited the case of Miller, et al v. El Paso County, 150 S. W. (2d) 1000, in which the Supreme Court of Texas stated the rule that a classification cannot be adopted arbitrarily on a ground which has no foundation in difference of situation or circumstances of the counties or municipalities placed in the different classes; that there must be some reasonable relation between their situation and the purposes and objects to be obtained; that there must be something which in some reasonable degree may account for the establishment of the classes. We do not think that Article 1702d, can be sufficiently distinguished, in the manner of its passage, from the article relating to Harris and Dallas Counties, so as to take it out of the prohibition stated in this rule. If Article 1702d is unconstitutional for this reason, it is unconstitutional as to that part of it providing for the assessment of $1.00 extra cost in civil cases as well as that part which requires the payment of $1.00 extra cost in criminal cases, and this is true following the reasoning in the Carson case, even though Judge Hawkins in overruling the motion for rehearing stated that the court did not intend to rule upon the provision of the statute there under consideration relating to costs in civil cases.

Whether or not we are correct in holding that this statute is void as local law falling under the constitutional

prohibition, it is, as to the assessment of criminal costs, following the opinion in the Carson case, supra, certainly unconstitutional for the following reasons, paraphrasing Judge Hawkins:  (a) That the item of $1.00 taxed as costs for the Law Library Fund is neither necessary nor incidental to the trial of a criminal case, and that it is not a legitimate item to be so taxed; (b) That to so tax against the defendant in a criminal case in Nueces County, and not to tax it in other counties where the defendant was convicted of the same offense would be a discrimination which the law does not recognize nor tolerate.

You are respectfully advised that for the reasons hereinabove given it is our opinion that Article 1702d is unconstitutional.  Therefore, your question must be answered in the negative, and Nueces County may not legally collect the fee of $1.00 in each civil and criminal case and deposit it to the County Law Library Fund to be used in the manner provided for in Article 1702d, R. C. S.

APPROVED APR 10, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By
Robert F. Cherry
Assistant

RFC:GO

